## CORNWELL *v.* STATE.

Opinion delivered December 8, 1900.

CARRYING ARMS—INTENT.—One who carries a pistol for the purpose of
killing hogs is not guilty of carrying a pistol as a weapon, within Sand.
& H. Dig., § 1498.  (Page 448.)

Appeal from Calhoun Circuit Court.

CHAS. W. SMITH, Judge.

*Thornton & Thornton*, for appellant.

The object of the legislature was to prohibit the carrying
of a pistol for use as a weapon.   34 Ark. 448; 56 Ark. 559;
33 Ark. 559.   The second instruction is faulty because the
definition of the term "carry as a weapon" is contrary to 56
Ark. 559 and 34 Ark. 448.

*Jeff Davis* and *Chas. Jacobson*, for appellee.

A pistol carried for the purpose of shooting hogs consti-
stutes the offense.   Sand. & H., Dig. 1498; McCain, Cr. Law, vol.
2, § 1032.   The case of *Wilson* v. *State*, 33 Ark. 559, is entirely
different from the case of *Pittman* v. *State*, 22 Ark. 357.

BATTLE, J.   W. T. Cornwell was indicted for carrying a
pistol as a weapon, and was convicted.

The facts in the case are substantially as follows:   He was
seen with a pistol on the premises of J. W. Pearce.   He car-
ried it there from his residence, a distance of three miles.   In
going to that place he traveled through the woods and along
the railroad track, by-roads and trails.   Although he could
have done so, he did not travel the public road.   He carried
the pistol to Pearce's premises to kill hogs, which he did, and,
after he had done so, he carried it back to his home, where he
put it away, as he had no further use for it.

Upon these facts the court instructed the jury, at the re-
quest of the state, over the objections of the defendant, as
follows:

"1.   The jury are instructed that if a man carry a pistol loaded in his pocket, not on his own premises, he is guilty of carrying a weapon.

"2.   In saying to you that the state must prove that the defendant carried the pistol as a weapon, the court does not mean that he must have carried it for the purpose of killing or injuring some human being.   A weapon may be used for other purposes; and if you believe, beyond a doubt, that it was carried in a way that it could be used as a weapon as charged in the indictment, you will convict the defendant."

And refused to instruct the jury, at the request of the defendant, as follows:

"3.   If the jury believe from the evidence that the defendant carried the pistol for the sole purpose of killing hogs, and not for use against any individual, they will acquit him."

The instructions given to the jury at the request of the state are not the law.   The second instruction asked for by the defendant and refused by the court should have been given. So much of the statute as is applicable to this case is as follows:   "Any person who shall wear or carry in any manner whatever *as a weapon*   *   *   *   any pistol of any kind whatever, except such pistols as are used in the army or navy of the United States, shall be guilty of a misdemeanor."   Sand. & Dig., § 1498.   The object of this part of the statute, as said by the supreme court of Tennessee of another statute, "is to prevent the carrying a pistol with a view of being armed and ready for offense or defense in case of conflict with a citizen (person) or wantonly to go armed."   *Moorefield* v. *State*, 5 Lea, 348.   The carrying of a pistol partly or entirely with this view or purpose is a violation of the statute; otherwise, it is not.

Reversed and remanded for a new trial.