## NELSON v. STATE.

### Opinion delivered May 19, 1919.

1. CRIMINAL LAW—REVIEW—SUFFICIENCY OF EVIDENCE.—In a prosecution for violating the law prohibitng the sale of intoxicating liquors, the credibility of the State's witness was a question for the jury; and when he testified as to the sale it cannot be said that there was not substantial evidence to support the verdict.

2. CRIMINAL LAW—OPENING STATEMENT—MISCONDUCT OF COUNSEL.— In a prosecution for selling intoxicating liquor, the prosecuting attorney's opening statement to the effect that the prosecuting witness had information as to the defendant's selling whiskey *held* not objectionable.

3. WITNESSES—CROSS-EXAMINATION OF ACCUSED—FORMER OFFENSES.— Where the defendant, being prosecuted for selling intoxicating liquor, took the stand as a witness, it was proper for the prosecuting attorney to ask him concerning the commission of other offenses for the purpose of reflecting upon his credibility.

4. CRIMINAL LAW—APPEAL—EXCEPTIONS.—Where the record in a criminal case does not show that exceptions were saved concerning matters argued for reversal, such matters will not be considered on appeal.

Appeal from Lonoke Circuit Court; *George W. Clark,* Judge; affirmed.

*J. B. Reed,* for appellant.

The verdict is not sustained by the evidence. There was no *"substantial"* evidence to sustain it. 50 So. 374. Improper questions were asked and improper remarks were made by the State's attorney. *Ib.* The collateral matters presented to the jury were highly prejudicial and appellant did not have a fair trial. *Ib.*

*John D. Arbuckle,* Attorney General, and *Robert C. Knox,* Assistant, for appellee.

1. There was no error in the opening remarks of the State's attorney. 66 Ark. 16.

2. Nor any error in permitting the prosecuting attorney to cross-examine defendant as to other crimes. 46 Ark. 141; 58 *Id.* 473; 60 *Id.* 450; 100 *Id.* 321. The court did not abuse its discretion. 75 Ark. 574; *Ib.* 142. But no objections were made and it is too late now. 80 *Id.* 158.

3. There was no error in permitting Len Eagle to testify as to threats made by defendant against the prosecuting witnesses. 34 Ark. 257; 70 *Id.* 107.

4. The evidence sustains the conviction. 82 *Id.* 372; 104 *Id.* 162.

McCULLOCH, C. J. Appellant was convicted of the offense of selling intoxicating liquor, and the principal contention on this appeal is that the evidence was not sufficient to sustain the verdict.

The testimony of one Ross was the only direct testimony tending to establish appellant's guilt. Ross testified that he obtained money from one Mr. Swaim with which to buy whiskey, and that he purchased the whiskey from appellant in Lonoke County, where the venue in the case is laid in the indictment. Ross was rigidly cross-examined, and according to his testimony as copied in the record he was to some extent vacillating and uncertain in some of his statements, but he testified that he purchased the liquor from appellant. His credibility was a question for the jury, and we cannot say that there was not substantial evidence in support of the verdict.

Appellant was introduced as a witness and denied that he sold whiskey, but this contradiction was a question for the jury to determine whether or not appellant was, beyond reasonable doubt, guilty of the offense charged in the indictment.

It is next contended that certain remarks of the prosecuting attorney in his opening statement to the jury before the testimony was introduced constituted prejudicial

error. The remarks objected to, as copied in the record, were as follows: ''The prosecuting witness, George Ross, after making and inquiring and having information as to the defendant selling whiskey, and another man by the name of Strong, and talked with him about the matter.'' The remainder of the statement of the prosecuting attorney is not brought into the record and we have no means of knowing definitely just the connection in which this remark was made, but we assume that it was a part of the preliminary statement leading up to an outline of the testimony of the witness Ross. The substance of the remark is that the prosecuting witness, after receiving information as to the defendant selling whiskey, talked with him about it and proceeded to buy the whiskey. It does not appear to have been an effort on the part of the prosecuting attorney to introduce hearsay testimony, nor does it appear that the remark was made otherwise than in good faith in an attempt of the officer to correctly outline to the jury the testimony which he expected to introduce for their consideration. Good faith is generally the test in passing upon the conduct of such an officer in his preliminary presentation of a case to the jury. *McFalls* v. *State,* 66 Ark. 16. According to the test we do not think that there has been any prejudice to the rights of appellant so as to call for a reversal of the judgment.

Objection is made that the prosecuting attorney was permitted to interrogate appellant on cross-examination concerning the commission of other offenses, but that was for the purpose of reflecting upon his credibility as a witness, and was competent. It has been so decided in numerous cases in this court.

Other matters are argued here as grounds for reversal, but the record fails to show that exceptions were saved concerning those matters.

Judgment affirmed.