## WOOD *v.* STATE.

### Opinion delivered March 12, 1923.

1. INDICTMENT AND INFORMATION—DUPLICITY—ELECTION BETWEEN COUNTS.—While one may in separate counts be charged with a crime and with being accessory before the fact thereto, in which case no election by the State is necessary, the rule is different where separate counts charge one with committing a crime and with being an accessory after the fact, in which case the State should be required to make an election between them.

2. CRIMINAL LAW—ELECTION BETWEEN COUNTS.—Where no testimony was offered in support of a count charging defendant with being an accessory after the fact, and the jury were instructed to consider only the question of his guilt of the crime charged in another count, no prejudice resulted from the court's refusal to compel the State to elect between the counts, and a motion in arrest of judgment was properly overruled.

3. CRIMINAL LAW—EVIDENCE OF SIMILAR OFFENSE.—In a prosecution for robbery, a police officer's testimony as to defendant's arrest on a charge of robbery occurring 5 months previously, also as to a conversation with defendant while under arrest, and as to a search of his room and automobile, in which a mask, pistol and sandbag belonging to him were found, was incompetent, though the court instructed the jury not to consider such testimony unless they found that such articles were possessed by defendant for the purpose of robbery and had something to do with the robbery about which the witness testified.

4. CRIMINAL LAW—INDORSEMENT OF WITNESS' NAME ON INDICTMENT.—Refusal to require the State to indorse the name of a witness on the indictment, as required by Crawford & Moses' Dig., § 3010, is not error where it does not appear that he testified before the grand jury or introduced any issue of fact which took defendant by surprise.

5. CRIMINAL LAW—HEARSAY—CORROBORATION OF WITNESS.—In a prosecution for robbery the prosecuting witness cannot be corroborated by proof that after the robbery he told a police officer that he recognized defendant as one of the men who robbed him.

6. CRIMINAL LAW—INSTRUCTION AS TO CIRCUMSTANTIAL EVIDENCE.—Where the State did not rely wholly on circumstantial evidence, an instruction as to the sufficiency of testimony to support a conviction on such evidence was properly refused.

Appeal from Mississippi Circuit Court, Chickasawba District; *R. E. L. Johnson,* Judge; reversed.

*M. P. Huddleston,* for appellant.

Demurrer reaches defect of misjoinder. Sec. 3066, C. and M. Digest. *Harris* v. *State,* 140 Ark. 46, overruling *Gramlich* v. *State,* 135 Ark. 243; *Cox* v. *State,* 149 Ark. 387. Accessory after fact separate offense. *Gill* v. *State,* 59 Ark. 442; 12 Cyc. 192. *State* v. *Jones,* 91 Ark. 5; *Harrel* v. *State,* 80 Am. Dec. 95. Evidence inadmissible which shows accused has committed a crime wholly independent of one for which he is on trial. 23 R. C. L. 1157-8, § 24; *Johnson* v. *State,* 152 Ark. 218, 1917 L. R. A. D. 383 note; 10 R. C. L. 939, 940; *People* v. *Romano,* 84 App. Div. 318, 17 N. Y. Crim. Rep. 385, 82 N. Y. Supp. 749. Not admissible to show identity of accused. *Boyd* v. *United States,* 142 U. S. 450; 35 L. ed. 1077; *Lancaster* v. *State* (24), 200 S. W. 167, 3 A. L. R. 1533, note. Evidence that burglars' tools were found on accused when arrested not admissible, it not appearing they were used in commission of offense charged, nor of stolen property when. *People* v. *Sansome,* 24 Pac. (Cal.) 143; *Williams* v. *State,* 71 N. W. (Neb.) 729; *State* v. *Sullivan,* 17 A. L. R. (Idaho), 907. See also *Miller* v. *State* (Okla.), L. R. A. 1917-D, p. 383; *People* v. *Molineaux,* 62 L. R. A. 193; *People* v. *Fitzsimmons,* 128 N. Y. S. 996; *Com.* v. *Coyne,* 3 A. L. R. 1209 (Mass.), 117 N. E. 337; *Williams* v. *U. S.,* 42 L. ed. 514. Witness incompetent where name not indorsed as indictment. Sec. 3010, C. & M. Digest; *State* v. *Johnson,* 33 Ark. 174. Not corroborated by showing

former statement. Testimony not sufficient to convict. *State* v. *Campbell,* 29 N. W. (Iowa) 604; *People* v. *Fitzsimmons,* 128 N. Y. Supp. 996.

*J. S. Utley,* Attorney General, and *Elbert Godwin* and *Wm. T. Hammock,* Assistants, for appellee.

Indictment not void. Conceding two separate offenses charged misjoinder. *Baker* v. *State,* 4 Ark. 56; *State* v. *Jourdan,* 32 Ark. 203. Good on either count standing alone. Crawford & Moses' Digest, §§ 2410, 2310. *State* v. *Jones,* 91 Ark. 5. No error committed in overruling motion to quash. Demurrer and motion properly treated as motion to require election. *Ince* v. *State,* 77 Ark. 428. Testimony all directed to proof of first count, and no prejudice resulted, even if misjoinder, which there was not; the two offenses grew out of same transaction, and could be charged in separate counts of one indictment. *Baker* v. *State,* 4 Ark. 59; § 2313, Crawford & Moses' Digest; *Ince* v. *State,* 77 Ark. 426. Testimony of witnesses relative to previous arrest of defendant on similar charge, and certain wearing apparel, coat, hat, mask and sandbag found in his possession, properly limited by court's instructions. *Parker* v. *State,* 136 Ark. 562; *Nettle* v. *State,* 144 Ark. 564; *Blumenstiel* v. *State,* 148 Ark. 421; *Cain* v. *State,* 149 Ark. 619; *Casteel* v. *State,* 152 Ark. 69; *Johnson* v. *State,* 152 Ark. 218. No error in allowing witness to testify, though name not indorsed on indictment, nor in instructions given, and the testimony is sufficient to support verdict.

SMITH, J. Appellant was arraigned on an indictment containing two counts. The first count charged that he had robbed E. J. Mason. The second count charged that Jim Wise had robbed Mason, and that defendant had concealed the crime and had harbored and protected the criminal, thereby becoming an accessory after the fact.

There was a demurrer to the indictment, and a motion to require the State to elect, both of which were overruled, and exceptions saved. The testimony was di-

rected entirely to an effort to prove the allegations of the first count, and no testimony was offered in support of the second count. At the conclusion of all the testimony, and upon the submission of the case to the jury, an instruction was given in which the jury was advised that the State elected to stand on the first count alone, and did not ask a conviction upon the second count. Defendant was found guilty on the first count, and his sentence fixed at five years in the penitentiary. He thereafter filed a motion in arrest of judgment, in which he again called into question the sufficiency of the indictment, because it contained the two counts.

These counts should not have been joined, and the court should, at the beginning of the trial, have compelled the State to elect, because the offenses charged are not the same, and there is no statute authorizing them to be joined. One may be charged with having committed a crime himself, and as being an accessory before the fact to its commission, in different counts of the same indictment, and no election in such cases will be required; but this is true because the crime charged is the same, and the counts merely allege different methods by which it was committed. *Harper* v. *State,* 151 Ark. 338; *Gill* v. *State,* 59 Ark. 423.

When one becomes an accessory after the fact, a second crime is committed. It is a crime which is committed by one who has full knowledge that a first crime has been committed, and who, with such knowledge, conceals it from the magistrate, or harbors and protects the person charged with, or found guilty of, the crime. Sec. 2310, C. & M. Digest; Joyce on Indictments, § 394.

But, inasmuch as no testimony was offered in support of the second count, and the jury was instructed to consider only the question of defendant's guilt of the first count, no prejudice resulted, and the motion in arrest of judgment was properly overruled.

Defendant assigns as error the action of the trial court in admitting, over his objection, the testimony of

Charles Craig, chief of police of Jonesboro, as to an
arrest of defendant on a charge of robbery occurring in
April, 1922, five months previous to the robbery of
Mason, and detailing a conversation he had with de-
fendant while he had him under arrest. Craig testified
that while he had defendant under arrest he searched
his room, and found an old hat, doubled up in the pocket
of a coat, which defendant admitted was his. He also
found a mask in one of the pockets of the coat, and a
pistol under the pillow on the bed, and in the pocket of
one of the doors of defendant's automobile he found a
sandbag, but defendant denied knowing that the sand-
bag was in the car. Craig further testified that a sand-
bag was an instrument used by hold-up men in cases of
robbery, the victim being struck with it and rendered
unconscious without being killed. Craig exhibited to the
jury the hat, mask and sandbag referred to.

We think no testimony should have been admitted
in regard to the commission of the first robbery, as
there was no relation whatever between it and the rob-
bery of Mason; and the majority think, for the same
reason, that testimony should not have been admitted
in regard to the hat, mask and sandbag.

In 23 R. C. L., p. 1157, it is said: ''On the trial of
one indicted for robbery, as in the case of other crimi-
nal prosecutions, the general rule is that evidence is not
admissible which shows, or tends to show, that the ac-
cused has committed a crime wholly independent of the
offense for which he is on trial. Under this rule, there-
fore, evidence of another separate and distinct robbery,
committed the preceding night, by the defendant upon
another person, in the same neighborhood, in much the
same way, is not admissible in evidence against one who
is being tried for robbing a pedestrian on the street in
a city by pointing a pistol at him. Such is not an ex-
ception to the rule that evidence of matters other than
those charged in the information are inadmissible. It
is only when the testimony as to the separate offense will

have some tendency to prove the offense charged in the information that it is admissible. It must therefore have some logical connection with the offense charged."

In the opinion of the writer, the testimony about finding the mask and sandbag was competent, for the reason that the instruments mentioned are those of criminals, used in the commission of crime, and proof of their possession tended to show that defendant was equipped and prepared to commit the crime charged. It was a circumstance of probative value on the question of identity, inasmuch as the defense offered was that defendant had not been sufficiently identified as the robber, the robbers being masked at the time the crime was committed, although there was no proof that a sandbag had been used in robbing Mason.

In admitting the testimony of Craig, the prosecuting attorney said he would ask the court to instruct the jury that it was to be considered for no purpose unless the jury found that these articles were possessed by defendant for the purpose of robbery, and unless they further found that they had something to do with the robbery at Jonesboro about which Craig had testified, and the court limited the testimony as requested. But, as thus limited, it was not rendered competent, for the consideration of the testimony involved a determination by the jury of the question whether defendant had anything to do with the robbery at Jonesboro, a circumstance which the State had no right to prove for any purpose.

The court permitted the State to introduce and examine Ed Carey, whose name was not indorsed on the indictment. We considered this question in the recent case of *Cole* v. *State,* 156 Ark. 9, and held that the court should, on the application of the accused, require the State to indorse the names of the witnesses on the indictment, or to furnish the accused a list thereof. In that case, as in this, there was no showing that the witness in question had testified before the grand jury, and

we held that § 3010, C. & M. Digest (the statute requiring the names of witnesses examined before the grand jury to be indorsed on the indictment) was directory, and in this case, as in that, no effort was made to show that the witness in question introduced any issue of fact which took the defendant by surprise. .

The court permitted Craig to testify that when Mason returned to Jonesboro, where he lived, Mason told him he recognized defendant, who also lived in Jonesboro, as one of the men who had robbed him. This was error. In the case of *Rogers v. State,* 88 Ark. 451, the syllabus reads as follows: "In a prosecution for robbery the prosecuting witness cannot be corroborated by proof that, two hours after the robbery, he stated to a police officer that defendant committed the robbery, nor is such testimony admissible as part of *res gestae.*"

An instruction was asked on the subject of the sufficiency of testimony to support a conviction where the State relied wholly on circumstantial evidence to secure the conviction, but the court refused to give it, and an exception was saved. A sufficient reason for refusing to give this instruction was that the State did not rely wholly on circumstantial evidence. *Nordin v. State,* 143 Ark. 364.

For the errors indicated the judgment will be reversed and the cause remanded for a new trial.