COX v. STATE.

Opinion delivered October 1, 1923.

1. CRIMINAL LAW—CREDIBILITY OF INTOXICATED WITNESS.—Testimony of a witness intoxicated at the time of the alleged sale of whiskey to him by accused *held* not unworthy of belief as a matter of law, in the absence of a showing that he was incapacitated at the time.

2. CRIMINAL LAW—CREDIBILITY OF WITNESSES.—The credibility of witnesses and the weight to be attached to their evidence are questions for juries, and not for courts.

3. INTOXICATING LIQUORS—SUFFICIENCY OF EVIDENCE.—In a prosecution for selling whiskey, evidence *held* to support conviction.

4. CRIMINAL LAW—EVIDENCE—DECLARATIONS OF THIRD PERSON.—In a prosecution for selling whiskey to S., exclusion of proof of W's declaration that he had whiskey for sale, offered by accused to corroborate testimony that W. and not defendant sold the whiskey to S. was proper where such declaration was made some time before the sale, and hence constituted no part of the *res gestae.*

5. WITNESSES—IMPEACHMENT.—A witness cannot be impeached by proof of specific acts or instances of bad conduct, as that he had been a heavy drinker for a year or two, it being necessary to establish character by proof of general reputation.

6. CRIMINAL LAW—WAIVER OF ARRAIGNMENT.—Accused impliedly waived formal arraignment by going to trial without objection.

Appeal from Greene Circuit Court, Second Division; *G. E. Keck,* Judge; affirmed.

*Jeff Bratton,* for appellant.

*J. S. Utley,* Attorney General, *John L. Carter, Wm. T. Hammock* and *Darden Moose,* Assistants, for appellee.

HUMPHREYS, J. Appellant was indicted, tried and convicted in the Second Division of the Greene County Circuit Court for selling whiskey, and, as punishment

therefor, was adjudged to serve a term of one year in the State Penitentiary. From the judgment of conviction an appeal has been duly prosecuted to this court.

The first insistence for a reversal of the judgment is that the evidence is insufficient to sustain a conviction. An intimation is thrown out that, on account of the drunken condition of the only State witness, William Starr, to the alleged sale of whiskey, his testimony was unreliable and therefore insufficient to sustain the verdict. The testimony tended to show that William Starr had been drinking and was under the influence of whiskey to some extent at the time of the alleged sale, but failed to show that he was so drunk he could not understand or converse intelligently. Without a showing that he was incapacited on account of drink at the time he claims to have purchased the whiskey, it cannot be said, as a matter of law, that his testimony was unworthy of belief. Again, it is argued that, because William Starr was flatly contradicted by several witnesses as to the alleged purchase of liquor from appellant, his evidence wholly failed to sustain the verdict. The testimony of a witness is not discarded, as a matter of law, because contradicted. The credibility of witnesses and the weight to be attached to their evidence are questions for juries and not for courts. *Rhea* v. *State,* 104 Ark. 162; *Fields* v. *State,* 154 Ark. 191. This court said, in the case of *Nelson* v. *State,* 139 Ark. 13, that, ''in a prosecution for violating the law prohibiting the sale of intoxicating liquors, the credibility of the State's witness was a question for the jury; and when he testified as to the sale it cannot be said that there was not substantial evidence to support the verdict.'' William Starr testified that, on the night of April 28, 1923, he got in appellant's car at Elmore's cafe, in the town of Paragould, and went to his home, where he purchased a pint of whiskey from him for $2.50. Upon Starr's return to town he was arrested by officers, who had seen him and appellant leave the cafe together a short time before the arrest. They found a

pint of whiskey in his possession, and arrested him for transporting liquor. His testimony, if believed by the jury, as to the sale and purchase of the pint of whiskey in question, was substantial evidence, sufficient to support the verdict.

The next insistence for a reversal of the judgment is because the court excluded the testimony of Walter Berry, to the effect that, on the evening of the alleged sale of liquor from appellant to William Starr, he was leaning against a post in front of Elmore's cafe and observed Woodrow Wilson, Clarence Scott, Bill Starr, Tim Cox and Vester Grooms; that some one in the crowd asked Wilson where a fellow could get some whiskey, and Wilson replied that he had some down at the ball park; that he went in the cafe, ordered and drank a coca-cola; that about fifteen minutes thereafter he walked out and observed appellant and Starr get in a car; that he asked appellant where he was going, and was told that he believed he would go down to the ball park and see if he could buy a bottle of whiskey. This testimony was inadmissible in corroboration of appellant's witnesses to the effect that Wilson sold appellant and Starr a pint of whiskey at the ball park, instead of appellant selling it to Starr at appellant's home. The declarations were made by both Wilson and appellant some time before, and at a different place from the sale, and constituted no part of the transaction. As the declarations were no part of the *res gestae,* the court properly excluded the testimony.

The next insistence for a reversal of the judgment is because the court excluded the testimony of Bill Moore to the effect that the State's witness, William Starr, had been a heavy drinker for the last year or two. A witness cannot be impeached by proof of specific acts or instances of bad conduct. Character must be established by proof of general reputation. *Dean v. State,* 130 Ark. 326.

The last insistence for a reversal of the judgment is that appellant was not formally arraigned. When ap-

pellant's case was reached on the docket, he announced ready for trial, and entered a plea of not guilty. The jury was then selected, and the cause tried, without objection from appellant. After the jury retired to consider its verdict, appellant made the objection that he had not been formally arraigned and had not formally waived arraignment. By going to trial without objection he impliedly waived arraignment. *Ransom* v. *State,* 49 Ark. 176; *Moore* v. *State,* 51 Ark. 130; *Hayden* v. *State,* 55 Ark. 342.

No error appearing, the judgment is affirmed.