WELDON *v.* STATE.

Opinion delivered February 18, 1929.

*Berry H. Randolph,* for appellant.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith,* Assistant, for appellee.

KIRBY, J. Appellant prosecutes this appeal from a judgment of conviction for the crime of assault with the intent to rob one Bud Smith.

Bud Smith detailed the circumstances, and stated that, when he had stopped his car at the forks of the road on the night of the robbery, on the way back from Ozark Lithia Springs to Hot Springs, on a bright moonlight night, about 8:15, the defendant and appellant walked up and "threw a gun on him," and told him to get out of the car, to which he replied, "What is this, a stick-up?" Appellant said, "Yes," and, while he talked further with appellant, he took out his watch and put it down on the seat. Appellant made him get out of the car, and took him over and searched him, and came back to the car and looked over it with his flashlight, and took the watch. He reported the robbery, and appellant was arrested next morning, and identified by him. Smith stated that he positively identified the appellant as the man who robbed him, and denied that he had not been positive about his identification of appellant in the examining trial, although he admitted that he might have said that he could be mistaken.

Appellant relied upon an alibi as a defense, and introduced testimony in support of his plea, also some witnesses who stated what appellant had testified to in the examining court, Judge Ledgerwood among the number, who testified that, in answer to the question from defendant's attorney, "Bud, is there not a chance of your being mistaken as to the identity of the defendant?" Smith replied, saying, "Yes, there is always a chance for one to make a mistake."

There were no objections to the court's charge to the jury, and the only contention here is that the testimony is insufficient to support the verdict.

Smith, the injured party, however, positively identified the appellant as the man who had presented a gun against him, searched and robbed him, and that testimony was sufficient to warrant the verdict, the weight of the evidence and the credibility of the witnesses being for the

12

determination of the jury. *Canada* v. *State,* 169 Ark. 211, 275 S. W. 327; *Cox* v. *State,* 160 Ark. 283, 254 S. W. 542; and *Nelson* v. *State,* 139 Ark. 13, 212 S. W. 93.

We find no error in the record, and the judgment is affirmed.