CATHEY *v.* STATE.

Opinion delivered February 10, 1930.

*Harney McGehee,* for appellant.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith,* Assistant, for appellee.

Hart, C. J. Buford Neely and Jack Cathey were jointly indicted and tried by a jury for the crime of robbery. The jury returned a verdict of not guilty as to Neely, and guilty as to Cathey, and fixed his punishment at three years in the penitentiary. Cathey has appealed.

The only ground relied upon for a reversal of the judgment is that the testimony was not legally sufficient to sustain the verdict.

According to the testimony of E. E. Moore and his wife, they operated a grocery store in the city of Fort Smith, Sebastian County, Arkansas. When they were getting ready to close their store, at about seven o'clock in the evening on the 20th day of February, 1929, their telephone bell rang, and some one telephoned them to wait a few minutes, so he could come and get some groceries. They sat down by the stove to wait while their customer was coming. In a few minutes a man came in and asked Mr. Moore about some pork chops. He walked behind Moore, and Moore asked him if he was the party who called over the telephone. The man, whom Moore recognized as Neely, replied, ''No.'' Neely drew a pistol on Moore, and the defendant, Cathey, drew a Winchester gun on Mrs. Moore, and the Moores were told to put up their hands, that they were being held-up. They demanded cash from Moore, and he told them that he had put it up. Neely then knocked Moore down, and he was rendered unconscious. Mrs. Moore then became frightened and told them where the money was. They continued to hold their guns on Mr. and Mrs. Moore, and took from the store $195 in money of the United States and three checks amounting to $97. Both Mr. and Mrs. Moore recognized Neely and Cathey as the men who robbed them.

According to the testimony of Neely, he was sick at home at the time of the robbery, and his testimony was corroborated by that of the physician who attended him, and by that of other persons.

According to the testimony of Cathey, he lived about two doors from the store that was robbed, and was engaged in playing a social game of cards there at the hour

when the robbery occurred. His testimony was corroborated by that of the people with whom he lived, and with whom he was playing cards at the time.

While we cannot say that there is no sufficient evidence upon which the verdict might be sustained, it is not very satisfactory, and the verdict of the jury is somewhat inconsistent. Mr. and Mrs. Moore identified both Neely and Cathey as the men who robbed them. They identified each of the parties with equal positiveness, and it is manifest from their testimony that they were both guilty. The jury returned a verdict of not guilty as to Neely, and guilty as to Cathey. Both defendants made proof of an alibi. According to the testimony of Neely, and of the witnesses in his behalf, he was sick at home at the date of the robbery. According to the testimony of Cathey and of other persons, he was playing a social game of cards at the house where he roomed, which was about two doors away from the store that was robbed, at the time of the robbery. The jury, however, were the judges of the credibility of the witnesses, and there is no principle of law upon which the court could reverse a judgment of conviction against Cathey, because it seems inconsistent with returning a verdict of not guilty as to Neely.

According to the testimony of the witnesses for the State, all the elements of the offense of robbery existed; and while their testimony was somewhat weakened by cross-examination, and by the contradictory evidence of the witnesses for the defendant, yet it was within the province of the jury to believe them, or so much of their testimony as it believed to be true; and this testimony, being of a substantive character, we are not at liberty to disturb the verdict of the jury or to reverse a judgment based upon it. *Martin and Woodard* v. *State,* 178 Ark. 117, and *Weldon* v. *State,* 179 Ark. 10, 14 S. W. (2d) 245.

Therefore, the judgment will be affirmed.