BURNETT *v.* STATE.

4118                                          126 S. W. 2d 277

Opinion delivered March 20, 1939.

*J. M. Jackson* and *Peter A. Deisch,* for appellant.

*Jack Holt,* Attorney General, *Jno. P. Streepey,* Asst. Atty. General, for appellee.

McHANEY, J. Appellant was indicted, tried and convicted of murder in the first degree for the shooting and killing of I. C. Emerick. His punishment was fixed at life imprisonment in the state penitentiary.

For a reversal of the judgment against him, appellant contends that the court erred in excusing for cause

Mr. J. R. Grogan, a member of the regular panel of jurors. The following occurred on the *voir dire* examination of the juror: "By the court: Q. Mr. Grogan, you have been asked by the prosecuting attorney if you had formed an opinion as to how this killing occurred, in answer to the prosecuting attorney's question you said that you had formed an opinion? A. I have. Q. Then I asked you if it was from what was said by witnesses, and you said it was not, then the prosecuting attorney asked you if you had an opinion on your mind now, and you said you had, then he asked you if it would take evidence to remove that opinion, and you said that it would, then counsel for the defense asked you if you could lay aside that opinion and try the case solely on the evidence you heard from the witness stand and the instructions of the court, and you said that you could. Let me ask you this question, you formed an opinion from what you heard about the case? A. Yes, sir. Q. You still have that opinion now? A. Yes, sir. Q. Can you lay aside that opinion from right now as though you never had formed it and go into the jury box without an opinion until you heard the witnesses? A. I don't know about laying the opinion aside. The court: I am going to excuse him."

Examination: "By Mr. Jackson: Q. Mr. Grogan, you say the opinion you now have is formed from having talked to people who are not witnesses in this case? A. As far as I know they are not. Q. And from what they told you you formed an opinion? A. Yes, sir. Q. If selected as a juror to try this case, notwithstanding the opinion you now have, having been formed from rumor and hearsay, I will ask you if you can discard it, lay it aside, and try the case according to the law and the evidence as you hear it here in the courtroom and not permit the opinion you now have to influence or control you in any manner or any degree in arriving at a verdict? A. Yes, sir. Q. And you will do that? A. Yes, sir, I don't know whether these were facts. Mr. Jackson: The court has excused you, and I now except to the ruling of the court."

Examination: "By the court: Q. In answer to my question a moment ago when I asked you if you could lay your opinion aside you stated that you would be governed by the evidence, but you didn't think you would be able to lay the opinion aside as of now, in other words, you can't lay the opinion aside first, but you must hear evidence before you lay your opinion aside? A. I think that is right. The Court: Then I excuse you."

Examination: "By Mr. Jackson: Q. Then after you hear the evidence and the instructions of the court, can you return a verdict in accordance therewith? A. Yes, sir. The court: I am excusing him, because he stated that he cannot as of the present moment, lay his opinion aside, but that he would lay his opinion aside after he heard the evidence. Mr. Jackson: I want the record to show that the opinion he now has is formed from rumor and hearsay, and I except to the ruling of the court in excusing the juror."

No error was committed in excusing this juror. It is a rather unusual assignment, in that the situation is usually the reverse, that is, that the court has usually refused a peremptory challenge of a juror for cause, and the defendant excepts and assigns error because thereof. Here, the court excused the juror, because he did not appear to be free from bias or prejudice. So far as this record discloses, a fair and impartial jury was selected to try appellant. He concedes that he was not entitled to the service of any particular juror, and that the trial court does and must have a wide discretion in such matters. Such has been the rule in this court throughout the years. It is true, as appellant contends, and as we have many times decided, "that a juror is not disqualified simply because he has an opinion based on rumor and hearsay where he states he can disregard the opinion and try the case as though he had never heard it discussed." Had the court held juror, Grogan, qualified and competent over appellant's objections, and had he been convicted and appealed, assigning error because thereof, it is quite probable we would still overrule the assignment. In *Sullivan* v. *State,* 163 Ark. 11, 258 S. W. 643,

with reference to the selection of trial jurors from the regular panel, this court said: "These were matters over which the circuit judge must necessarily have a wide discretion. It is thoroughly settled that a defendant has no right to the services of any particular juror. He may only demand that he be tried before a fair and impartial jury, and it is difficult to imagine a case where the judge had excused a juror from further service on the regular panel which would afford any defendant just cause of complaint."

Here, appellant complains, because the court excused one of the regular panel for cause, on its own motion. Even though it be conceded the juror was competent, and that the court should not have excused him, still appellant is not prejudiced, because he was tried by a fair and impartial jury. We think, however, the court correctly excused the juror. So, in any event, appellant has no just complaint.

Only one other question is presented for our consideration, and that is, whether appellant "acted in self-defense at the time the fatal shots were fired that resulted in the death of I. C. Emerick." This question was one for the jury and was submitted on conflicting evidence and under instructions not questioned. The jury has settled this conflict against appellant and is conclusive here. We think it would serve no useful purpose to set out the evidence.

The judgment must be affirmed. It is so ordered.