WALLIN *v.* STATE.

4413

197 S. W. 2d 26

Opinion delivered November 4, 1946.

*A. C. Hervey,* for appellant.

*Guy E. Williams,* Attorney General, and *Arnold Adams,* Assistant Attorney General, for appellee.

ROBINS, J. Appellant was charged in an information filed by a deputy prosecuting attorney with the offense of murder in the first degree for the unlawful killing of

one Blackie Foster. The jury found appellant guilty of murder in the second degree and fixed his punishment at confinement in the penitentiary for twenty-one years. From judgment entered on the verdict this appeal is prosecuted.

For reversal appellant urges these grounds:

1. That the prosecuting attorney was allowed to cross-examine appellant improperly as to appellant's past misconduct.

2. That the evidence failed to establish murder in the second degree, in that no malice was proved.

3. That the court erred in refusing to give appellant's requested instruction No. 2.

4. That the court erred in refusing to give appellant's requested instruction No. 4.

5. That the court erred in refusing to give appellant's requested instructions Nos. 1 and 5.

6. That the court erred in refusing to give appellant's requested instruction No. 6.

7. That the lower court was without jurisdiction because the information against appellant was signed by the deputy prosecuting attorney instead of the prosecuting attorney.

1.

The attorney for the State was permitted to ask appellant, while he was testifying, if he had committed certain other offenses, but appellant, in answer to these questions, denied that he had so transgressed. The State, of course, was bound by his answers and made no attempt to contradict them. Therefore, no prejudice to appellant arose from these questions, even if they were improper. *Barton* v. *State*, 175 Ark. 120, 298 S. W. 867; *Bowlin* v. *State*, 175 Ark. 1047, 1 S. W. 2d 546; *Nicholas* v. *State*, 182 Ark. 309, 31 S. W. 2d 527.

618

## 2.

There was testimony on behalf of the State tending to show that, after a prolonged drinking spree, engaged in by Foster, Wallin and several others, Foster and appellant engaged in a fight in which Foster apparently was the aggressor; that Foster knocked or threw appellant down in a ditch, where he continued to beat him; that when they got up out of the ditch Foster stood looking at his hands, which had blood on them, and appellant ran a few feet to a truck (in which the party had been traveling), there secured a pistol, came back, saying "no, I ain't whipped," and shot Foster, the bullet entering Foster's body in front near the heart, and that after Foster fell on his face appellant fired another bullet which struck Foster back of the ear.

This evidence was sufficient to prove malice, which may be implied from proof that the slayer used a deadly weapon, as well as from other circumstances. *McAdams* v. *State,* 25 Ark. 405; *Webb* v. *State,* 150 Ark. 75, 233 S. W. 806.

The jury evidently found that the killing was not done in self-defense, as testimony of appellant and his witnesses indicated, and that the beating appellant had just received at the hands of deceased was not sufficient provocation to reduce the crime to manslaughter. We are, of course, bound by this finding of the jury. *Allison* v. *State,* 161 Ark. 304, 256 S. W. 42; *Taylor* v. *State,* 186 Ark. 162, 52 S. W. 2d 961; *Arnett* v. *State,* 188 Ark. 1106, 70 S. W. 2d 38; *Link* v. *State,* 191 Ark. 304, 86 S. W. 2d 15; *Burnett* v. *State,* 197 Ark. 1024, 126 S. W. 2d 277.

## 3, 4, 5 and 6

Instruction No. 2, requested by appellant, dealt with appellant's right of self-defense. The lower court, in instruction No. 11, fully covered this phase of the case, so that, even if appellant's requested instruction were in proper form, the refusal of it was not error.

By instruction No. 4, requested by appellant, the jury would have been told, in substance, that, if the deceased

attacked appellant on account of appellant's talk about deceased's wife, such an attack was not justified and "the deceased would be the aggressor." This instruction was properly refused, for the reason, if for no other, that a trial court is not required, in its instructions, to single out or call attention to particular phases of the testimony. *Prewitt* v. *State,* 150 Ark. 279, 234 S. W. 35; *Adams* v. *State,* 160 Ark. 405, 254 S. W. 832; *Rhinehart* v. *State,* 175 Ark. 1170; 299 S. W. 755.

Instructions Nos. 1, 5 and 6, requested by appellant, also pertained to appellant's right of self-defense. As heretofore stated, the law as to self-defense was fully covered by instruction No. 11, given by the court. A trial court is not required to multiply its instructions on a particular issue. See *Griffin* v. *State, ante,* p. 388, 196 S. W. 2d 484.

### 7.

It is finally argued by appellant that the lower court had no jurisdiction because the information was signed by the deputy prosecuting attorney instead of the prosecuting attorney.

The record does not disclose that appellant raised in the lower court any objection to the information before going to trial, nor did he do so after the trial. The objection is raised for the first time in this court.

In the case of *State* v. *Eason and Fletcher,* 200 Ark. 1112, 143 S. W. 2d 22, dealing with this question, we said: "There is, *prima facie,* a presumption that a deputy prosecuting attorney acts under direction of his superior. Until the authority is questioned and there is a failure of the prosecuting attorney to affirm, the information [signed by deputy prosecuting attorney], being voidable only, is sufficient to bring the defendant before the court, and in consequence such court acquires jurisdiction."

No error appearing, the judgment is affirmed.