HAMLIN *v.* DARR, ADMINISTRATRIX.

4-9840                                    250 S. W. 2d 532

Opinion delivered July 7, 1952.

842

*Ward & Reeves, Frierson, Walker & Snellgrove* and *Westbrooke & Shell,* for appellant.

*James E. McDaniel* and *J. M. Willemin,* for appellee.

GEORGE ROSE SMITH, J. This is a suit for wrongful death brought by the administratrix, the widow, and the children of Veryl Darr, who was killed in a collision between his car and a truck and trailer owned by A. L. Toombs and being driven by his employee, F. J. Hamlin. The defendants appeal from an $8,768.33 judgment in favor of the administratrix.

At the trial the pivotal question of fact was whether the collision occurred on Darr's side of the road or on Hamlin's. Hamlin, the only eye-witness, testified that as he was driving north at about nine o'clock at night he met the Darr vehicle, which crossed the center of the highway and struck Hamlin's truck, in spite of Hamlin's efforts to avoid the collision by driving partly upon the east shoulder of the road. Hamlin's version of the accident was corroborated by the testimony of other witnesses who had studied the scene of the collision.

On the other hand, witnesses for the plaintiffs testified to facts indicating that the point of collision was marked by a deep scar about thirty inches on Darr's side of the highway. Darr's left front tire was blown out and loosened by the impact, and the plaintiffs' proof shows that the exposed rim of the wheel left marks extending from the deep scar to the point at which the car came to rest, ten or twelve feet to the south. The rear wheels of Hamlin's trailer were knocked off in the collision, and the plaintiff's proof shows that in like manner the trailer axle left marks extending north from the same deep scar. This conflicting testimony clearly presented a question for the jury, so that the court properly refused to direct a verdict for the defendants.

Hamlin, a nonresident, questions the court's jurisdiction over him, for the reason that his summons recited that it was issued pursuant to Ark. Stats. 1947, § 27-341. Although we held in *Kerr* v. *Greenstein,* 213 Ark. 447, 212 S. W. 2d 1, that the statute did not authorize service upon a nonresident operator, as distinguished from a nonresident owner, that rule was quickly changed by legislation. Act 199 of 1949; Ark. Stats., § 27-342.1; 3 Ark. L. Rev. 356. Treating the reference in the summons to the earlier statute as surplusage, we conclude that the court obtained jurisdiction over Hamlin.

The appellants think that the court erroneously permitted the plaintiffs to impeach their own witness, Patsy Cullen, for the reason that the testimony of another of the plaintiffs' witnesses contradicted Patsy's statement of the hour at which she informed her father of the collision. As we recently pointed out in *Sharpensteen* v. *Pearce,* 219 Ark. 916, 245 S. W. 2d 385, such conflicts between witnesses for the same side do not amount to such impeachment as is prohibited by the rule relied on by the appellants.

The remaining contentions have to do with the instructions. The defendants offered, but the court refused, an instruction which would have singled our Darr's asserted intoxication as a contributing cause of the collision. The court's action was correct. Contributory negligence having been fully covered by other instructions, the court was not required to devote a separate charge to one factor tending to show such negligence. *Capitol Transp. Co.* v. *Alexander,* 219 Ark. 419, 242 S. W. 2d 833. Moreover, the defendants pleaded specific charges of negligence on the part of Darr but did not mention intoxication. It was within the court's discretion to refuse to allow the answer to be amended after both sides had rested. *Rucker* v. *Martin,* 94 Ark. 365, 126 S. W. 1062.

With reference to the other instructions, we do not regard instruction No. IV-B as abstract, and we think

the defendants' instruction No. I was fully covered by instructions Nos. II, IV-A, V, and VII.

Affirmed.