ARNOLD *v.* STATE.

4988                                                        342 S. W. 2d 291

Opinion delivered January 23, 1961.

4

*George F. Edwards,* for appellant.

*Bruce Bennett,* Attorney General, by *Thorp Thomas,* Asst. Attorney General, for appellee.

ED. F. McFADDIN, Associate Justice.    Bernard Arnold was convicted of robbery (§ 41-3601, Ark. Stats.) and sentenced to three years in the penitentiary.    He brings this appeal and his motion for new trial contains nine assignments, which we group and discuss in convenient topic headings.

I. *Sufficiency Of The Evidence.*    The prosecuting witness, Walter James, a Negro man 72 years of age, lived in Garland City in Miller County, and had known the accused, Bernard Arnold, for many years.    James testified that about 9:30 p.m. on a certain night he was in bed when he was awakened by someone having a flashlight; that he saw and recognized Bernard Arnold and so informed him; that Arnold jumped on James as he lay in bed and beat him terribly, practically destroying the vision in one eye; that Arnold at the same time robbed James of $100.00; and that the robbery was reported the next day and Arnold was apprehended. That James was beaten, was corroborated by Callie Brooks, in whose home James had a room; and that Bernard Arnold was in the immediate neighborhood of Callie Brooks' home shortly before the time of the robbery, was shown by two other witnesses.    James admitted that his eyesight was poor, but stoutly insisted that he recognized Arnold as his assailant.    Appellant argues with great seriousness that James could not have seen the person who robbed him because there was no other light in the room except the flashlight held by the robber.    We need not consider whether the moon was shining, whether the flashlight would reflect, and such other

matters, because those were for the jury. The evidence was sufficient to take the case to the jury. *Weldon* v. *State,* 179 Ark. 10, 14 S. W. 2d 245; *Cathey* v. *State,* 180 Ark. 1081, 24 S. W. 2d 971; *Taylor* v. *State,* 230 Ark. 809, 327 S. W. 2d 6.

II. *The Information.* The appellant insists that the information on which he was tried was signed only by the Deputy Prosecuting Attorney, and that the judgment should be set aside under the authority of *Johnson* v. *State,* 199 Ark. 196, 133 S. W. 2d 15. There are several answers to appellant's insistence, either of which is sufficient. In the first place, we have caused the original information to be brought to this Court by *subpoena duces tecum,* and we find that the information was in the name of the Prosecuting Attorney and was manually signed, "Royce Weisenberger, by John W. Goodson, Deputy Prosecuting Attorney," and the proper jurat was completed before the Circuit Clerk. The case of *Johnson* v. *State, supra,* does not apply.

In the second place, the record shows that both the Prosecuting Attorney and the Deputy Prosecuting Attorney participated in the trial from which comes this appeal, and the issue now sought to be urged was not even mentioned until the motion for new trial. So the case of *State* v. *Eason,* 200 Ark. 1112, 143 S. W. 2d 22, settles the point adverse to the appellant.

III. *Testimony Of Callie Brooks.* When the prosecuting witness, Walter James, was on the witness stand, the following occurred:

"Q. Have you seen this defendant, Bernard Arnold since that beating?

A. Yes, sir, seen him every day.

Q. Have you and the defendant had an occasion to talk since that time?

A. No, sir.

Q. Do you understand what I've asked you?

A. You said had we talked any?

Q. Yes.

A. Oh, yes.

Q. Where was it, if you talked with Bernard?

A. He talked with me. I ain't talked with him.

Q. Where was this?

A. Up here at the courthouse.

Q. I'll ask you did you have any other conversation with him?

A. Not that I remember. . . .

Q. Has your money been returned to you?

A. Not a nickel.

Q. Has anyone talked to you about returning your money?

A. No, sir."

The next witness for the prosecution was Callie Brooks, the woman at whose house Walter James had a room. Over the objection of appellant Callie Brooks was permitted to testify that about ten days after Bernard Arnold had been arrested and made bond for the alleged robbery of Walter James, she heard Bernard Arnold say to James:

" 'Mr. Walter, I come to see you and talk to you, and I want to get you to tell the Judge that I didn't take your money. You said I takened your money, but I didn't take your money,' and says, 'if you tell the Judge I didn't take your money, somebody else got it, I'll pay you your money back.' "

The appellant contends that the Trial Court erred in admitting the testimony of Callie Brooks, as it was in opposition to and in impeachment of Walter James' testimony, as previously abstracted. The State had a right to contradict the testimony of Walter James by *independent evidence* showing the facts to be different from those testified to by James. We said in *Sharpensteen* v. *Pearce,* 219 Ark. 916, 245 S. W. 2d 385:

"By offering a witness a party impliedly vouches for his credibility and cannot later impeach him by showing that his reputation for truth is bad. But this does not mean that if a witness has been false or mistaken in his testimony the party is forever precluded from proving the truth by other witnesses. On the contrary, a witness may be contradicted as to any fact about which he has given evidence. *Midland Valley R. Co.* v. *Lemoyne,* 104 Ark. 327, 148 S. W. 654.''

To the same effect, see *Hamlin* v. *Darr,* 220 Ark. 841, 250 S. W. 2d 532; and *Western Union* v. *Byrd,* 197 Ark. 152, 122 S. W. 2d 569. And see also 58 Am. Jur. 442, "Witnesses" § 797; and 98 C. J. S. 647, "Witnesses" § 630. The State was not precluded from showing the truth. The forgetfulness or misunderstanding of the witness Walter James did not preclude the State from showing the truth by other testimony.

IV. *Argument Of Prosecuting Attorney.* In his closing argument to the jury the Prosecuting Attorney, Mr. Weisenberger, in commenting on Walter James' identification of Bernard Arnold as the person who had beaten and robbed James, took occasion to point out to the jury that each member had seen James walk into the courtroom from the witness room, so James still had some vision. Then, as to whether James' identification should be believed, Mr. Weisenberger used these words:

"As I told you in the opening statement that there would be one witness that actually knew what went on, as far as the robbery was concerned. We tried to bring you all of the witnesses. Walter James impressed me as an honest old darkie—the kind that your father and my father worked, respected, enjoyed the association with—a man with grey hair, coming on down in his declining years. Doubtless believing in his God. I don't believe he went here and . . .''

At this point appellant's attorney offered an objection and moved that the jury be admonished to disregard Mr. Weisenberger's statement as, ". . . it called

8

attention to racial tension." After the objection was overruled, Mr. Weisenberger continued: ". . . he emphatically pointed out this man as the man that robbed him. . . . I don't believe he would lie to you, gentlemen, when he knows his time to meet his Maker is not too far off."

In the briefs in this Court appellant contends that Mr. Weisenberger's argument was, ". . . an appeal to racial tension." We see no merit in such contention. The remarks of the Prosecuting Attorney were designed to show that Walter James was a truthful, law-abiding, God-fearing citizen, and worthy of belief.

We find no merit in any of the assignments in the appellant's motion for new trial.

Affirmed.