Williams v. The State.

*4. Bill of exceptions.*

---

## WILLIAMS v. THE STATE.

1. CRIMINAL LAW: *In jeopardy; what is.*
   When a trial jury is impanneled and sworn in a criminal case, the defendant is in jeopardy, and a dismissal of the prosecution and discharge of the jury before verdict, without his consent, is equivalent to an acquittal of the offense charged in the indictment, and a bar to any subsequent indictment for the same offense; but a dismissal for variance between the indictment and the proof is no bar to another prosecution for the same offense.

2. SAME: *Same.*
   If upon the first indictment, the defendant could not be convicted of the offense described in the second, then a dismissal of, or acquittal upon the first, is no bar to the second.

3. SAME: *Same: Money differently described.*
   If upon the first indictment, charging larceny of money of various descriptions, the defendant could be convicted of stealing the money or any part or piece of it described in the second indictment, a dismissal of the first after the jury was impanneled and sworn, would be a bar to the second.

APPEAL from *Miller* Circuit Court.

Hon. C. E. MITCHELL, Circuit Judge.

*C. B. Moore*, Attorney General, for the State.

The second indictment was for larceny of *entirely differ-
ent denominations* from that charged in the first, not a sin-
gle item being the same. The variance between the proof
adduced on the first indictment, was no bar to another
prosecution. *State v. McMinn, 34 Ark., 160, 163-4.*

ENGLISH, C. J. At the November term, 1883, of the
Circuit Court of Miller County, Reuben Williams was
indicted for stealing money of Mrs. Fannie Elliston, de-
scribed as follows :

" Two certain greenback bills, currency of the United
States, of the denomination and value of ten dollars each.

" Two certain national bank bills, current in the United
States, of the denomination and value of ten dollars
each.

" Two certain United States silver certificates, current in
the United States, of the denomination and value of ten
dollars each. ·

" Five pieces of silver money of the United States, com-
monly called dollars, of the value of five dollars.

" Ten pieces of silver money of the United States, com-
monly called half dollars, of the value of five dollars.

"Ten pieces of silver money of the United States, com-
monly called quarters, of the value of two dollars and a
half."

The defendant was arraigned upon this indictment,
pleaded not guilty, a jury was impanneled and sworn to
try the issue in the case, and after the witnesses had been
examined, the argument of counsel, and the instructions of
the court, the court upon the motion of the prosecuting
attorney, dismissed the case, discharged the jury, referred

Williams v. The State.

the indictment to the grand jury for further action, and remanded the prisoner to jail to await such action.

At the same term of the court, the grand jury returned a second indictment against the defendant for the same larceny, differing from the first in the description of the money stolen from Mrs. Elliston, only, and describing it as follows:

" Two certain twenty dollar greenback bills, current money of the United States, of the denomination and value of twenty dollars each.

"Two certain twenty dollar national bank bills, current as money in the United States, of the denomination and value of twenty dollars each.

" One hundred certain pieces of current silver coin of the United States, commonly called dimes of the denomination and value of ten cents each.

" And one hundred pieces of the current nickel coin of the United States, commonly called nickels, of the denomination and value of five cents each."

To this indictment defendant pleaded as a jeopardy and acquittal, the trial and discharge of the jury on the first indictment; the State demurred to the plea, the court overruled the demurrer, and an issue to the plea was then submitted to a jury, and there was a verdict in favor of the State.

Defendant was then tried on plea of not guilty to the indictment, convicted, and sentenced to the penitentiary for eighteen months.

He moved for a new trial on the plea of former jeopardy, which the court refused, and he took a bill of exceptions, and prayed an appeal, which was allowed by one of the judges of this court.

On the trial of the plea, appellant read in evidence the first indictment, and the record entries showing his ar-

raignment and plea thereto, the impanneling of a jury, etc., and their discharge after they had heard the evidence, the argument of counsel and the instructions of the court, etc.

The attorney for the State admitted all the allegations of the plea of former jeopardy, except that the appellant might have been convicted under the first indictment on the evidence that was or might have been introduced.

Appellant then called Mrs. Fannie Elliston, who testified in substance as follows:

"On the sixth day of April, 1883, in Miller County, etc., two twenty dollar greenback or national bank bills, and some silver money belonging to me were stolen from my purse in my trunk, which was in my room. On searching, I also missed about three dollars in money of silver, with the two twenty dollar bills. It was in the purse with the two twenty dollar bills. I can not say positively of what denomination the pieces of silver were, but am satisfied the silver money was not all in nickels and dimes. I think there was one or two dollar pieces in that taken. I had also some nickels and dimes in another room adjoining the one from which the two twenty dollar bills and silver were taken. I think there was a quarter among the nickels and dimes in said adjoining room; these were also missing, but I do not know when taken. The defendant was in the room nursing my baby the evening the money was missing. He was in the room alone while all the members of the family were at the supper table in a different room, with the exception of a part of the time, when the little girl, Miss Jones, a witness in the case, was in the room with him. There was no one about the house except the defendant, who could have stolen the money. The front doors were locked, and no one could come in the back way without being seen. The defendant after being alone in

Williams v. The State.

the room went away. I had seen the money in the trunk about fifteen minutes before the defendant left the house. The reason I remember distinctly about the money being there is, I had bought some milk and took the money from the purse to pay for it. I saw defendant afterwards under arrest, and he told me that he had taken the two twenty dollar bills," etc.

Appellant also called Miss Jones, eleven years of age, who testified that she saw him in the room from which the money was taken, and in the trunk where the money had been put.

Appellant also introduced J. A. Williams, a deputy Sheriff of Bowie County, Texas, who testified that having learned that appellant had stolen some money from Mrs. Elliston, he followed him to Jefferson, Texas, arrested him there and brought him back to Texarkana. On the way back, appellant voluntarily told witness that he had stolen forty-three dollars in money from Mrs. Elliston. Witness was afterwards present when appellant told Mrs. Elliston he had stolen two twenty dollar bills.

The above was all the testimony introduced on the trial of the plea of former jeopardy.

I. When the trial jury was impannelled and sworn under the first indictment, appellant was placed in jeopardy, and the dismissal of the prosecution, and discharge of the jury before verdict, without his consent, was equivalent to an acquittal of the larceny charged in that indictment, and a bar to any subsequent indictment for the same offense. *Sec. 8 Declaration of Rights; 1 Bishop Cr. Law (6th ed.), sccs. 1014, 1016.* <span style="float:right">1. CRIMINAL LAW: "In jeopardy." What is.</span>

II. But the dismissal of an indictment for variance between the indictment and the proof, is no bar to another prosecution for the same offense. *Gantt's Digest, scc. 1844; State v. McMinn, 34 Ark., 160.* <span style="float:right">2. SAME: Dismissal of indictment.</span>

If upon the first indictment, appellant could not have been convicted of the offense described in the second, then a dismissal of or an acquittal upon the former, is no bar to the latter.

3. SAME:
Money
differently
described.

If upon the first indictment, appellant could have been convicted of stealing the money, or any part or piece of it, described in the second indictment, the verdict on the plea of former jeopardy should have been in his favor.

The instructions given by the court below to the jury, on the trial of the plea, were substantially in accordance with the above legal propositions.

The jury in effect found by their verdict, that no part or piece of the money actually stolen by appellant, from Mrs. Elliston, was properly described in the first indictment, and that he could not have been convicted under it upon any evidence that might have been legally adduced.

The burden of the issue was upon appellant. He must have known what description of money there was in the purse stolen by him from Mrs. Elliston, and should have proved to the satisfaction of the jury that some of the stolen money was described in the first indictment.

In the first indictment appellant was charged with stealing, among other moneys, five United States silver dollars. Mrs. Elliston stated that she thought there was one or two dollar pieces in that taken. Had her statement been positive as to that, and properly identified the coin, appellant would have been entitled to a verdict on the plea. But it was not positive, nor did she identify the coin, and it was a question of fact for the jury upon the evidence, and not of law for the court. If a new trial were awarded, the jury would be at liberty to find the same way, on the same evidence.

Affirmed.