JOHNSON *v.* STATE.

4143 133 S. W. 2d 15

Opinion delivered November 13, 1939.

*Peyton D. Moncrief, A. G. Meehan* and *John W. Moncrief,* for appellant.

*Jack Holt,* Attorney General and *Jno. P. Streepey,* Asst. Atty. General, for appellee.

MEHAFFY, J. The appellant was indicted for grand larceny alleged to have been committed on July 15, 1935, by unlawfully and feloniously taking, stealing and driving away one head of cattle, the property of Hannaberry Plantation Company, a corporation.

The trial was begun on April 24, 1939, the jury was selected and sworn, and after hearing the statements of counsel and witnesses on behalf of the state, the court quashed the indictment and discharged the jury from further deliberation. The court held the defendant to the next grand jury in a bond of $400.

The witnesses for the state testified in substance that the property stolen was the property of Lesser Goldman Company, a corporation, the indictment charging that it was the property of Hannaberry Plantation Company.

Appellant, on July 7, 1937, filed in court a plea of former jeopardy, alleging that he had been previously placed on trial and in jeopardy for this alleged offense; that on the former charge he had entered his plea of not guilty, a jury had been selected, impaneled and sworn to try him, and opening statements of both the state and defendant had been made; some of the state's witnesses had testified, when the court took the case from the jury on its own motion and without consent of the defendant, quashed the indictment and discharged the jury. This plea was verified and attached to it was the duly certified copy of the former indictment on which the defendant had been placed in jeopardy, filed in open court. The former indictment was the same as the information filed by the deputy prosecuting attorney, except the indictment charged that the Hannaberry Plantation Company was the owner of the property, and the information filed by the deputy prosecuting attorney charged that the owner was the Lesser Goldman Company. The indictment and information charged the same offense, the difference being in the allegation as to the ownership of the property stolen.

The court, in announcing his ruling when he quashed the indictment, stated that there was a variance

between the allegation and the proof as shown by the state. The information filed by the deputy prosecuting attorney was filed more than three years after the offense was alleged to have been committed.

After hearing the evidence on the defendant's plea of former jeopardy, the court overruled same, to which ruling of the court the appellant objected and excepted. The appellant then filed a demurrer to the information filed by the deputy prosecuting attorney, because it was filed by the deputy prosecuting attorney of the Southern District of Arkansas county, and also because the court had ordered defendant held to the grand jury. The demurrer was overruled and exceptions saved. Appellant was then tried on the information. The jury returned a verdict of guilty, fixing the punishment of appellant at one year in the state penitentiary. Motion for new trial was filed and overruled, and the case is here on appeal.

The court heard evidence on appellant's plea of former jeopardy, which was, in substance, that the appellant was the same person indicted by the grand jury, and the indictment charged the property stolen as being the property of Hannaberry Plantation, when it was in fact the property of the Lesser Goldman Company. The proof also shows that the Hannaberry Plantation was owned by the Lesser Goldman Company; that two witnesses were called in the case against Johnson, and both testified. Petit jury and the court were present and heard the case in the regular way in the court room; the indictment and information were identified by the circuit clerk of Arkansas county. The evidence also showed that the information charged the appellant with the same theft that the indictment charged; the same crime. Evidence showed that the jury was selected, impaneled and sworn to try the case, and before any witnesses were called for the appellant, indictment was quashed and the jury discharged by the court from further consideration of the case. There was a question as to the ownership of the property, and the jury was discharged by the court. The defendant and

his attorney made no motion. Case was dismissed because of a question of ownership of the cattle. Neither the defendant nor his attorney made any motion to quash the indictment, or for a dismissal of the case, or to discharge the jury.

The offense charged in the information is the same offense charged in the indictment, and while it was charged in the indictment that the property belonged to the Hannaberry Plantation Company, the evidence shows conclusively that this company belonged to Lesser Goldman Company.

Section 3836 of Pope's Digest is as follows: "No indictment is insufficient, nor can the trial, judgment, or other proceeding thereon be affected by any defect which does not tend to the prejudice of the substantial rights of the defendant on the merits."

Section 3851 of Pope's Digest states what the indictment must contain, and it also provides that the state, upon request of the defendant, shall file a bill of particulars, setting out the act or acts upon which it relies for a conviction.

The indictment in the instant case was sufficient to charge the appellant with the crime of stealing cattle, and it was sufficient to advise him of the offense with which he was charged, and there was nothing in the indictment that in any way tended to prejudice the substantial rights of the defendant on the merits.

Although the indictment charged that the property belonged to the Hannaberry Plantation Company, when it in fact belonged to the Lesser-Goldman Company, it was sufficient that if he had been convicted, the court could have entered judgment on the verdict.

Section 3834 of Pope's Digest provides that the indictment must be direct and certain as regards: "First, the party charged; second, the offense charged; third, the county in which the offense was committed; fourth, the particular circumstances of the offense charged where they are necessary to constitute a complete offense."

The state relies on § 3899 of Pope's Digest, which reads as follows: "The dismissal of the indictment by the court, or demurrer, except as provided in § 3896, or for an objection to its form or substance taken on the trial, or for variance between the indictment and the proof, shall not bar another prosecution for the same offense."

Variance between the indictment and the proof, mentioned in this section, necessarily means a material variance. There is no material variance here. The appellant could have been convicted and the court could have entered judgment. As a matter of fact, the evidence shows the Hannaberry Plantation Company belongs to the Lesser-Goldman Company. It was in possession of the cattle for Lesser-Goldman Company.

"Where an offense involves the commission, or an attempt to commit, an injury to person or property, and is described in other respects with sufficient certainty to identify the act, an erroneous allegation as to the person injured, or attempted to be injured, is not material." Section 3840, Pope's Digest.

Certainly, under this indictment, there was no defect or statement in the indictment that would mislead the appellant or tend to the prejudice of his substantial rights on the merits. That the information charges the same offense that the indictment charged, no one can doubt.

Section 8 of art. 2 of the Constitution of the state of Arkansas provides that no person, for the same offense, shall be twice put in jeopardy of life or liberty.

The court said in a very early case: "According to this rule of construction, it would seem that the courts are confined in their power to dismiss an indictment, in a case like the one at bar, to formal or substantial defects, or a variance between the indictment and the proof, and that such power does not extend to an indictment good in form and substance, as we have seen the indictment in this case was." *Lee* v. *State,* 26 Ark. 260.

"If upon the first indictment, appellant could have been convicted of stealing the money, or any part or piece

of it, described in the second indictment, the verdict on the plea of former jeopardy should have been in his favor." *Williams* v. *State,* 42 Ark. 35.

"It is the established rule that when a jury in a criminal case is impaneled and sworn in a court of competent jurisdiction to try the prisoner, under an indictment sufficient in form and substance to sustain a conviction, he is in jeopardy. He is then entitled to a verdict which will bar further prosecution for the same offense, and an unnecessary discharge of the jury without his consent does not deprive him of the right to the bar." *State* v. *Ward,* 48 Ark. 36, 2 S. W. 191, 3 Am. St. Rep. 213; *State* v. *Taylor,* 180 Ark. 588, 22 S. W. 2d 34.

In discussing the question of former jeopardy, this court said: "The test is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense." *Binganan* v. *State,* 181 Ark. 94, 24 S. W. 2d 969.

It cannot be doubted that the indictment and information charged the same offense, and we think it clear that the indictment contained all the facts necessary to advise the appellant of the crime with which he was charged, and that the indictment was not defective.

"A prisoner is in legal jeopardy when he is put upon trial, before a court of competent jurisdiction, upon an indictment which is sufficient in form and substance to sustain a conviction, and a jury is charged with his deliverance. And a jury is thus charged when they have been impaneled and sworn. The defendant then becomes entitled to a verdict which shall constitute a bar to a new prosecution; and he cannot be deprived of this bar by a *nolle prosequi* entered by the prosecuting officer against his will or by a discharge of the jury." *Whitmore* v. *State,* 43 Ark. 271.

Our conclusion is that the indictment was good, and that the plea of former jeopardy should be allowed.

It is contended also by the appellant that the information filed by the deputy prosecuting attorney was

void. Amendment No. 21 to the Constitution of the State of Arkansas reads as follows:

"Section I. That all offenses heretofore required to be prosecuted by indictment may be prosecuted either by indictment by a grand jury or information filed by the prosecution attorney.

"Section II. That the General Assembly of Arkansas shall by law determine the amount and method of payment of salaries of prosecuting attorneys."

It will be observed that the prosecuting attorney, in filing information, takes the place of the grand jury. It has been said that this is a great power carrying with it possibilities of great oppression if improperly used. There is some conflict in the authorities, but we are of opinion that under the above amendment to the Constitution, information charging one with a crime must be filed in the name of the prosecuting attorney. It is true that it is generally said that a deputy prosecuting attorney, legally appointed, is generally clothed with all the powers and privileges of the prosecuting attorney, but he must file the information in the name of the prosecuting attorney. In other words, it is the prosecuting attorney that is given the authority to file information, and not the deputy prosecuting attorney. The deputy, of course, may file information in the name of the prosecuting attorney, but he signs the name of the prosecuting attorney, and then his name as deputy.

"The power to bring informations which charge crime and on which warrants of arrest issue is a great power, carrying with it possibilities of serious oppression, if improperly used. It involves the exercise of a *quasi* judicial discretion and the performance of duties widely different from those of an advocate in submitting a matter to grand jury. The power is lodged in the United States Attorney (by statute as to certain crimes, R. S., § 1022—Comp. St., § 1686—), and in the Attorney General. No statute authorizing the delegation of it has come to my attention, except the act of 1906 which, as above noted, limits the delegation to such matters as

are covered by special direction. Both by the statute, therefore, and by general·principles of law, a delegation of this power, if intended, must be made in clear and precise terms, and not left to inference or implication; it is not conferred by authority to conduct grand jury proceedings." *United States* v. *Cohen,* 273 Fed. 620.

"The prosecuting attorney of a county is a *quasi* judicial officer. The law has intrusted him with power, upon what he deems sufficient cause, to institute proceedings. He takes the place of a grand·jury; and as the law imposed upon the grand jury the duty of determining whether or not sufficient (cause) had been shown to justify an indictment against the accused, and gave them no authority to depute other persons to determine that fact and make a presentment, so the law imposes this duty on the prosecuting attorney, and gives him no authority to confer this power on another person. Like a judge, his power to determine what cases shall be prose-cuted by filing an information cannot be delegated, but must be performed ·by himself.· At common law, if an indictment was found by a grand jury, one of whose members did not possess the necessary qualifications, it vitiated the indictment. . . . This is upon the principle that the indictment shall be preferred only by persons duly authorized. How much more important that an information, which takes the place of·an indictment, be prepared by one whom the law has clothed with power to prefer the charge; and unless it is filed by an officer having such authority it will be a nullity." *Richards* v. *State,* 22 Neb. 145, 34 N. W. 346.

It .is true that § 10885 of Pope's Digest authorizes deputy prosecuting attorneys to file information, but we do not think that the passage of this law was justified or authorized by amendment ·No. 21 to the Constitution, above set out.

There are seventy-five counties in Arkansas, and probably from one to five deputies in each county. The prosecuting attorney is elected by the people of the district, and is responsible to them for his official conduct.

The people adopted the constitution giving him authority to file information, but the amendment did not give authority to his deputies.

Our conclusion is that, under amendment No. 21 to the Constitution, the deputy prosecuting attorney must, if he files information, file it in the name of the prosecuting attorney, and that the information filed in this case was void.

For the errors indicated, the judgment is reversed, and the cause against appellant dismissed.

SMITH, J., concurs in the judgment.