STATE *v.* EASON AND FLETCHER.

4165 and 4166 143 S. W. 2d 22

Opinion delivered July 1, 1940.

Jack Holt, Attorney General, and *Jno. P. Streepey*, Assistant Attorney General, for appellant.

*Peyton D. Moncrief, C. N. Carpenter, A. G. Meehan* and *John W. Moncrief*, for appellees.

GRIFFIN SMITH, C. J. Appellees were released from prison in consequence of a hearing initiated through writs of *habeas corpus*. The state prosecutes this appeal.

Eason was convicted of grand larceny, committed by stealing pigs. The prison sentence of one year was affirmed October 2, 1939. *Eason* v. *State,* 198 Ark. 885, 132 S. W. 2d 5. This court's mandate issued November 3, 1939.

Fletcher, convicted of stealing cattle, likewise received a sentence of one year in prison. On appeal, the lower court was affirmed May 22, 1939. *Fletcher* v. *State,* 198 Ark. 376, 128 S. W. 2d 997. (Mandate July 7, 1939.)

In the petitions for writs of *habeas corpus* it was alleged that judgments of the Arkansas circuit court were void because of the failure of the prosecuting attorney to sign the informations which were filed in lieu of indictments. Affirmatively, it was alleged that such informations were executed by the deputy prosecuting attorney in his own name.

The circuit judge, strictly construing the language in *Johnson* v. *State,* 199 Ark. 196, 133 S. W. 2d 15, held that the petitioners were being illegally restrained of their liberty, and directed their discharge.

In the Johnson case it was said: "Our conclusion is that under Amendment No. 21 to the Constitution the deputy prosecuting attorney must, if he files information, file it in the name of the prosecuting attorney, and that the information filed in this case was void."

At trial Johnson questioned sufficiency of the information, insisting, through his attorneys, that the court could not acquire jurisdiction until an indictment (or until information subscribed to by the prosecuting attorney) had been filed. In holding that the court erred in refusing to quash the information, the word "void" appears. As applied to the case then being reviewed, the information was defective because, after the question was raised, the prosecuting attorney did not sign it. We think "voidable" should have been used. Pope's Digest, § 10885, authorizes deputy prosecuting attorneys to file

information in their own names. There is, *prima facie,* a presumption that a deputy prosecuting attorney acts under direction of his superior. Until the authority is questioned and there is failure of the prosecuting attorney to affirm, the information, being voidable only, is sufficient to bring the defendant before the court, and in consequence such court acquires jurisdiction.

In the instant case neither defendant, at any stage of the proceedings, questioned the deputy's authority. The presumption of verity, therefore, attached to the information throughout the trial.

The judgments are reversed, with directions to dismiss the writs.