KAREN R. BAKER, Associate Justice
Appellant Sharvelt Mister filed in the circuit court of the county where he is incarcerated a pro se petition for writ of habeas corpus.[1] The circuit court "denied and dismissed" the petition for habeas relief, after which Mister lodged this appeal.[2] On appeal, Mister argues that the "magistrate 'never' issued a[n] [arrest] warrant for Petitioner"; the criminal information was filed without supporting documentation; and because no warrant was issued, introduction of any evidence was illegal "according to the fruit of the poisonous tree doctrine." Because the circuit court did not clearly err when it denied Mister's petition for a writ of habeas corpus, we affirm.
A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a trial court lacks jurisdiction over the cause. Philyaw v. Kelley , 2015 Ark. 465, 477 S.W.3d 503. Under our statute, a petitioner for the writ who does not allege his or her actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he or she is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006); Garrison v. Kelley , 2018 Ark. 8, 534 S.W.3d 136. A habeas proceeding does not afford a prisoner an opportunity to retry his or her case, and it is not a substitute for direct appeal or for seeking postconviction *412 relief. Davis v. Kelley , 2019 Ark. 1, 564 S.W.3d 512. Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. Collier v. Kelley , 2018 Ark. 170, 2018 WL 2251147.
Mister did not proceed under Act 1780 and essentially raises the same claims on appeal as he did below.[3] None of Mister's claims are cognizable in a habeas proceeding, and he failed to establish that the writ should issue.
As to the validity of Mister's arrest, a flaw in the arrest of a convicted defendant does not constitute a jurisdictional defect. We have made clear that the circuit court's jurisdiction to try the accused does not depend on the validity of the arrest. Singleton v. State , 256 Ark. 756, 510 S.W.2d 283 (1974). Because circuit courts have subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes, Mister was properly tried in a court of competent jurisdiction. See Grimes v. State , 2018 Ark. 407, 562 S.W.3d 215.
Claims of a defective information that raise a jurisdictional issue, such as a claim of an illegal sentence, are cognizable in habeas proceedings; however, general defective-information allegations are not. Anderson v. Kelley , 2018 Ark. 222, 549 S.W.3d 913. Mister's contention that the prosecutor filed the criminal information without any supporting documents is a mere assertion of trial error. Such assertions of trial error and due-process violations do not implicate the facial validity of a trial court's judgment or jurisdiction. Id.
With regard to the unreasonable-search-and-seizure claim, that claim is also not cognizable in a habeas proceeding. Any allegation of a violation of his right to be free from an unreasonable search and seizure is a claim of a constitutional violation and trial error that does not implicate the facial validity of the judgment or the jurisdiction of the trial court. The issue concerns factual questions on the admissibility of evidence that could have been raised at trial and addressed there. See Davis , 2019 Ark. 1, 564 S.W.3d 512. As such, this allegation does not fall within the purview of a habeas proceeding. Because Mister fails to allege a basis for the circuit court to grant the writ, he demonstrates no error in the dismissal of his petition.
Affirmed; motion moot.
Hart, J., dissents.
Josephine Linker Hart, Justice, dissenting.
Until the briefing is complete, all this court has pending before it is Mr. Mister's motion for an extension of time to file his brief. That motion was filed on January 25, 2019. Because this court has not yet given him an extension of time to file his brief, Mr. Mister's appeal is not perfected, and we do not have jurisdiction to decide his appeal on the merits.
Without conceding that this court lacks jurisdiction to dispose of this case on the merits, I note further that this is yet another case in which this court has substantially narrowed the circumstances in which relief under our state habeas corpus statute may be had. This stance continues to perplex in light of the Supreme Court of the United States' rejection of this limit on *413 habeas corpus when it reversed Jackson v. Norris , 2011 Ark. 49, 378 S.W.3d 103 ( Jackson I ), in Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). The majority's analysis is no longer valid.
As in the case before us, this court in Jackson I disposed of Jackson's habeas petition stating, "Jackson has failed to allege or show that the original commitment was invalid on its face or that the original sentencing court lacked jurisdiction to enter the sentence. We hold that the circuit court's dismissal of the petition for writ of habeas corpus was not clearly erroneous." Jackson I , 2011 Ark. 49, at 5, 378 S.W.3d at 106. Inexplicably, this court continues to cite and rely on the same rationale that the Supreme Court of the United States has expressly rejected in habeas cases. Accordingly, I must dissent.
I respectfully dissent.

Mister's convictions and sentences for two separate counts of delivery of cocaine with intent to deliver occurring on or about December 2 and December 20, 2010, were affirmed on appeal in Mister v. State , 2012 Ark. App. 536, 2012 WL 4478652.

Mister filed a pro se motion for extension of brief time. Because he was granted a seven-day clerk's extension and filed his brief prior to the due date of his brief, the motion for extension of brief time is rendered moot.

Mister argued below that the requirement of his right to a first appearance before a judicial officer pursuant to Arkansas Rule of Criminal Procedure 8.3 was violated. Mister does not raise this argument on appeal. All arguments made below but not raised on appeal are abandoned. State v. Grisby , 370 Ark. 66, 257 S.W.3d 104 (2007).