Cite as 2020 Ark. 91

# SUPREME COURT OF ARKANSAS

No. CV-19-658

| | |
|---|---|
| ALVIN LOVELACE | Opinion Delivered: February 20, 2020 |
| APPELLANT | |
| | PRO SE APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT; MOTION FOR RULE ON CLERK |
| V. | [NO. 40CV-19-76] |
| WENDY KELLEY, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION | |
| | HONORABLE JODI RAINES DENNIS, JUDGE |
| APPELLEE | |
| | AFFIRMED; MOTION MOOT. |

**SHAWN A. WOMACK, Associate Justice**

Nearly forty years ago, Alvin Lovelace was convicted of aggravated robbery and sentenced to life imprisonment as an habitual offender. *See Lovelace v. State*, 276 Ark. 463, 637 S.W.2d 548 (1982). Today, he appeals the circuit court's denial and dismissal of his duplicate pro se petitions for writ of habeas corpus. Lovelace contends his conviction is void because the criminal information was signed by the deputy prosecuting attorney rather than the elected prosecuting attorney. Because the petitions failed to allege a basis for the writ, the circuit court's decision is affirmed. Lovelace's motion for rule on clerk, treated as a motion to file a belated reply, is therefore moot.

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *See Hobbs v. Gordon*, 2014 Ark. 225, at 5, 434 S.W.3d 364, 367. Clear error exists where, after reviewing the totality of the evidence, we are left with

the definite and firm conviction that a mistake has been made.  *Id.*  A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when the trial court lacked jurisdiction over the case.  *See Anderson v. Kelley*, 2018 Ark. 222, at 3, 549 S.W.3d 913, 915.  It is the petitioner's burden to establish probable cause, by affidavit or other evidence, that he is being illegally detained.  *See id.*; Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016).  Unless the petitioner satisfies this showing, there is no basis for issuing the writ.  *Id.*

Only claims of a defective information that raise a jurisdictional issue, such as a claim of an illegal sentence, are cognizable in habeas proceedings.  *See Mister v. Kelley*, 2019 Ark. 187, at 2, 575 S.W.3d 410, 411.  General allegations of a defective information, however, are not considered to be jurisdictional and are treated as trial error.  *See Anderson v. Kelley*, 2015 Ark. 411, at 5–6, 473 S.W.3d 537, 541 (per curiam).  Indeed, we have consistently held that the proper time to object to the form or sufficiency of a charging instrument is before trial.  *Id.*

Lovelace contends the trial court was deprived of jurisdiction because the charging information was not signed by the elected prosecutor.  Rather, it was signed by the deputy prosecutor.  When Lovelace committed his crime and was brought to trial, deputy prosecutors were statutorily authorized to sign an information.  *See* Ark. Stat. Ann. § 24-120 (Repl. 1962).  Nevertheless, he relies on *Johnson v. State*, 199 Ark. 196, 133 S.W.2d 15 (1939), to argue that an information signed by the deputy prosecutor renders the judgment void.  This argument overlooks our decision the following year in *State v. Eason & Fletcher*, 200 Ark. 1112, 143 S.W.2d 22 (1940).  There, we held that an information filed in the

2

name of a deputy was voidable, rather than void. *Id.* Moreover, we have previously considered and rejected Lovelace's exact argument under *Johnson*. *See, e.g., Anderson*, 2015 Ark. 411, 473 S.W.3d 537; *Davis v. State*, 2011 Ark. 88, at 2–3 (per curiam); *Murry v. Hobbs*, 2013 Ark. 29, at 3-4 (per curiam). In those cases, we concluded that this sort of defective information claim is not cognizable in habeas proceedings. We do not change course now.

Lovelace was tried and convicted in a court of competent jurisdiction, and he makes no claim to the contrary. Nor does he contend that his sentence is illegal on its face. Of course, that argument would be foreclosed by our previous decision concluding that Lovelace's sentence was legal and within the statutory parameters for his convicted offense. *See Lovelace v. State*, 301 Ark. 519, 785 S.W.2d 212 (1990).

We cannot say that the circuit court clearly erred and, therefore, affirm the order denying and dismissing Lovelace's duplicate petitions for writ of habeas corpus. Lovelace's motion for rule on clerk, treated as a motion to file a belated reply, is consequently moot.

Affirmed; motion moot.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** Due process requires that we dispose of all motions prior to taking this case under submission. *See Mister v. Kelley*, 2019 Ark. 187, 575 S.W.3d 410 (Hart, J., dissenting). It is therefore improper to ignore Mr. Lovelace's motion.

The State filed the appellee brief electronically on October 15, 2019. According to

Mr. Lovelace's undisputed averment in his motion, he did not receive a copy of the State's brief until October 17, 2019. Mr. Lovelace mailed his reply brief to the court on October 30, 2019, but it was not received at the court until November 1, 2019. The court declined to file the reply brief.

On November 13, 2019, Mr. Lovelace filed a motion in which he diligently attempted to file his reply brief and that it was timely filed from the date that he received it. In my view, this is good cause shown to accept Mr. Lovelace's reply brief. Reply briefs only help this court by exposing fallacies in appellee briefs and clarifying arguments in appellant opening briefs. Furthermore, because we do not allow new arguments to be raised in reply briefs, we are only impeding our ability to fully and fairly consider Mr. Lovelace's appeal.

I likewise reject the majority's insistence on shoehorning Mr. Lovelace's argument into this court's unlawfully narrow "interpretation" of our habeas statute. *See id.* The facts and statutory law support a proper legal conclusion that Mr. Lovelace is not illegally detained.

I dissent.

*Alvin E. Lovelace*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael L. Yarbrough*, Ass't Att'y Gen., for appellee.

4