Cite as 2020 Ark. 117

# SUPREME COURT OF ARKANSAS

**No.** CV-19-751

| | |
|---|---|
| ANTHONY RANDLE<br><br>APPELLANT<br><br>V.<br><br>W. STRAUGHN, WARDEN,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br><br>APPELLEE | **Opinion Delivered** March 19, 2020<br><br>PRO SE APPEAL FROM THE<br>LINCOLN COUNTY CIRCUIT<br>COURT<br>[NO. 40CV-19-92]<br><br>HONORABLE JODI RAINES DENNIS,<br>JUDGE<br><br><br>AFFIRMED. |

**KAREN R. BAKER, Associate Justice**

Appellant Anthony Randle appeals from the denial and dismissal of his pro se petition for writ of habeas corpus pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016). Because Randle stated no ground in the petition on which the writ could issue under Arkansas law, we affirm the circuit court's order.

## I. *Background*

In 2007, a jury found Randle guilty of capital murder and sentenced him to life imprisonment without parole. We affirmed. *Randle v. State*, 372 Ark. 246, 273 S.W.3d 482 (2008). Randle filed the petition for writ of habeas corpus in 2019 in the county where he is incarcerated, alleging that the judgment in his case was void because the felony information was signed by a deputy prosecutor rather than the prosecutor. *See Dunahue v. Kelley*, 2018 Ark. 4, 534 S.W.3d 140 (Any petition for writ of habeas corpus to effect the release of a

prisoner is properly addressed to the circuit court in which the prisoner is held in custody, unless the petition is filed pursuant to Act 1780 of 2001, codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2016), seeking scientific testing of evidence.).

II. *Grounds for Issuance of the Writ*

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Foreman v. State*, 2019 Ark. 108, 571 S.W.3d 484. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). When the circuit court has personal jurisdiction over the appellant and has jurisdiction over the subject matter, the court has authority to render the judgment. *Johnson v. State*, 298 Ark. 479, 769 S.W.2d 3 (1989).

Under our statute, a petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the circuit court and make a showing by affidavit or other evidence of probable cause to believe that he or she is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Proceedings for the writ are not intended to require an extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order. *McArthur v. State*, 2019 Ark. 220, 577 S.W.3d 385. Unless the petitioner can show that the circuit court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

III. *Standard of Review*

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id*.

IV. *Validity of the Felony Information*

On appeal, Randle relies on *Johnson v. State*, 199 Ark. 196, 133 S.W.2d 15 (1939), for the proposition that the judgment in his case was rendered void because a deputy prosecutor signed the felony information. We have recently considered this precise argument in *Lovelace v. Kelley*, 2020 Ark. 91. In rejecting Lovelace's reliance on *Johnson*, we explained:

> This argument overlooks our decision the following year in *State v. Eason & Fletcher*, 200 Ark. 1112, 143 S.W.2d 22 (1940). There, we held that an information filed in the name of a deputy was voidable, rather than void. *Id*. Moreover, we have previously considered and rejected Lovelace's exact argument under *Johnson*. *See, e.g.*, *Anderson*, 2015 Ark. 411, 473 S.W.3d 537; *Davis v. State*, 2011 Ark. 88, at 2–3 (per curiam); *Murry v. Hobbs*, 2013 Ark. 29, at 3–4 (per curiam). In those cases, we concluded that this sort of defective information claim is not cognizable in habeas proceedings. We do not change course now.

*Id*. at 1. Accordingly, pursuant to *Lovelace*, Randle's claim is not cognizable in habeas proceedings.

V. *Failure to Issue a Summons, Make Fact-Findings, and Hold a Hearing*

Randle also urges this court to reverse the circuit court's order because (1) a summons was not issued mandating a response by the respondent to his habeas petition; (2) the circuit court did not make fact-findings in its order; and (3) the circuit court did not hold a hearing on the petition. We find no error.

The respondent to Randle's habeas petition was not required to file a response addressing the allegations before the petition was acted on by the court, *see Darrough v. Kelley*, 2017 Ark. 314, 530 S.W.3d 332, and the circuit court did, indeed, make findings of fact and stated accurate conclusions of law in its order. With respect to the circuit court's decision not to hold a hearing on the petition, we have held that a hearing on a petition for writ of habeas corpus is not required if the petition does not allege either of the bases for relief proper in a habeas proceeding; and even if a cognizable claim is made, the writ will not be issued without a showing of probable cause. *McArthur v. State*, 2019 Ark. 220, 577 S.W.3d 385. A petitioner who fails to raise a claim within the purview of a habeas action has not met his or her burden of demonstrating a basis for the writ to issue. *Edwards v. Kelley*, 2017 Ark. 254, 526 S.W.3d 825. Here, Randle's challenge to the validity of the felony information did not establish a ground for the writ, and the circuit court did not clearly err in denying the petition without a hearing.

Affirmed.

HART, J., concurs in part and dissents in part.

**JOSEPHINE LINKER HART, Justice, concurring in part and dissenting in part.** I agree that Randle has not stated grounds for the writ to issue. *See State v. Eason*, 200 Ark. 1112, 143 S.W.2d 22 (1940). However, I write separately for the reasons stated in *Stephenson v. Kelley*, 2018 Ark. 143, 544 S.W.3d 44 (Hart, J., dissenting). This court's conception of habeas corpus is dated, senselessly narrow, and legally incorrect. The availability of habeas corpus is not limited to the facial invalidity of the confinement order or a wholesale lack of jurisdiction by the issuing court. We should abandon the "facial invalidity or lack of

4

jurisdiction" rule and simply apply the plain language from the applicable constitutional and statutory provisions.

*Anthony L. Randle*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *David L. Eanes Jr.*, Ass't Att'y Gen., for appellee.