Cite as 2020 Ark. 169

# SUPREME COURT OF ARKANSAS

No. CV-19-806

| | |
|---|---|
| ROY ELDRIDGE DAVIS | Opinion Delivered April 30, 2020 |
| APPELLANT | |
| | PRO SE APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT |
| V. | [NO. 40CV-19-45] |
| | |
| WILLIAM STRAUGHN, WARDEN, ARKANSAS DEPARTMENT OF CORRECTION | HONORABLE JODI RAINES DENNIS, JUDGE |
| APPELLEE | |
| | AFFIRMED. |

JOHN DAN KEMP, **Chief Justice**

Appellant Roy Eldridge Davis appeals from the denial of his pro se petition for writ of habeas corpus pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016). Because Davis stated no ground in the petition on which the writ could issue, the circuit court's order is affirmed.[1]

I. *Background*

_____

[1]To some degree, Davis in his brief on appeal has expanded the arguments that he raised in the circuit court and bolstered his claims. This court does not address new arguments raised for the first time on appeal; nor do we consider factual substantiation added to bolster the allegations made below. *See Hall v. State*, 2018 Ark. 319, 558 S.W.3d 867. When we review the ruling on a matter, the appellant is limited to the scope and nature of the arguments that he or she made below that were considered by the court in rendering its decision. *See id.*

In 1988, a jury found Davis guilty of first-degree murder, and he was sentenced as a habitual offender to a term of life imprisonment. We affirmed. *Davis v. State*, 319 Ark. 460, 892 S.W.2d 472 (1995).

In 2019, Davis filed the petition for writ of habeas corpus in the county where he is incarcerated, alleging that the writ should issue because the felony information charging him with the offense was signed by a deputy prosecuting attorney on behalf of the prosecuting attorney. He contended that the judgment was void and the circuit court was without jurisdiction in the case because the information was not signed by the prosecutor. After the circuit court denied and dismissed the habeas petition, Davis filed a motion for default judgment and a motion to amend the habeas petition. The circuit court treated the motions as motions for reconsideration and denied them.

## II. *Grounds for Issuance of the Writ*

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Foreman v. State*, 2019 Ark. 108, 571 S.W.3d 484. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). When the circuit court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. *Johnson v. State*, 298 Ark. 479, 769 S.W.2d 3 (1989).

Under our statute, a petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001, codified at Arkansas Code Annotated sections 16-

112-201 to -208 (Repl. 2016) seeking scientific testing of evidence, must plead either the facial invalidity of the judgment or the lack of jurisdiction by the circuit court and make a showing by affidavit or other evidence of probable cause to believe that he or she is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Proceedings for the writ are not intended to require an extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order. *McArthur v. State*, 2019 Ark. 220, 577 S.W.3d 385. Unless the petitioner can show that the circuit court lacked jurisdiction or that the commitment order was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

### III. *Standard of Review*

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

### IV. *Information Signed by Deputy Prosecutor*

Davis did not contend that a sentence of life imprisonment for the offense of first-degree murder was not a legal sentence; rather, he couched his claim concerning the signature on the information as an issue of the circuit court's jurisdiction. It is well settled, however, that a deputy prosecutor, both at the time Davis was charged and currently, is

authorized by statute to sign a felony information on behalf of the prosecuting attorney. Ark. Stat. Ann. § 24-120 (Repl. 1962) (currently Ark. Code Ann. § 16-21-113(c)(1) (Repl. 1999)); *see Martindale v. Honey*, 259 Ark. 416, 533 S.W.2d 198 (1976); *see also State v. Eason*, 200 Ark. 1112, 143 S.W.2d 22 (1940) (There is, prima facie, a presumption that a deputy prosecuting attorney acts under direction of his superior, and, until the authority is questioned, and there is failure of the prosecuting attorney to affirm, the information, being voidable only, is sufficient to bring the defendant before the court, and in consequence such court acquires jurisdiction.). Davis did not establish in his petition for the writ that the fact that the prosecutor did not personally sign the felony information implicated the jurisdiction of the circuit court or rendered the judgment and commitment order invalid on its face. Accordingly, he did not state a basis for the writ. *See Anderson v. Kelley*, 2018 Ark. 222, 549 S.W.3d 913 (noting that general defective-information allegations that do not demonstrate that the judgment was illegal or that the circuit court lacked jurisdiction are not grounds for the writ but are rather claims of trial error and not cognizable in a habeas proceeding). The proper time to object to the sufficiency of an indictment or information is prior to trial. *Prince v. State*, 304 Ark. 692, 694, 805 S.W.2d 46, 48 (1991). Assertions of simple trial error and due-process violations with respect to the validity of an information should be raised at the time of trial.

Affirmed.

HART, J., concurs.

4

**JOSEPHINE LINKER HART, Justice, concurring.** I concur with the conclusion reached by the majority; *State v. Eason*, 200 Ark. 1112, 143 S.W.2d 22 (1940), controls. I do not join the majority opinion, because it states that habeas corpus relief is only available to address the facial invalidity of a confinement order or a wholesale lack of jurisdiction by the issuing court. As I explained in *Stephenson v. Kelley*, 2018 Ark. 143, 544 S.W.3d 44 (Hart, J., dissenting), this conception of habeas corpus is dated, senselessly narrow, and legally incorrect.

I concur.

*Roy Eldridge Davis*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.