Cite as 2020 Ark. 292

# SUPREME COURT OF ARKANSAS

No. CV-19-982

|  |  |  |
|---|---|---|
| WALTER SIMS | | |
| | APPELLANT | Opinion Delivered: September 24, 2020 |
| V. | | PRO SE APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT |
| WENDY KELLEY, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION | | [NO. 40CV-19-43] |
| | | HONORABLE JODI RAINES DENNIS, JUDGE |
| | APPELLEE | |
| | | AFFIRMED. |

**SHAWN A. WOMACK, Associate Justice**

Appellant Walter Sims appeals from the denial and dismissal of his pro se petition for writ of habeas corpus pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016). Sims argued that the writ should issue because the felony information charging him with capital murder was signed by a deputy prosecuting attorney. Because Sims did not state a ground for the writ, we affirm the circuit court's order.

## I. *Background*

In 2005, Sims was charged with capital murder and subsequently found guilty by a jury in 2008 of first-degree murder. He was sentenced as a habitual offender to 600 months' imprisonment. The Arkansas Court of Appeals affirmed. *Strain v. State*, 2009 Ark. App. 99. In 2019, Sims filed the petition for writ of habeas corpus in the county where he is incarcerated, alleging that the judgment in his case was void because the information was

not signed by the prosecuting attorney but by a deputy prosecutor. He reiterates the point on appeal.

## II. *Grounds for Issuance of the Writ*

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Foreman v. State*, 2019 Ark. 108, 571 S.W.3d 484. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). When the trial court has personal jurisdiction over the appellant and has jurisdiction over the subject matter, the court has authority to render the judgment. *Johnson v. State*, 298 Ark. 479, 769 S.W.2d 3 (1989).

Under our statute, a petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001, codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2016), seeking scientific testing of evidence, must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he or she is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Proceedings for the writ are not intended to require an extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order. *McArthur v. State*, 2019 Ark. 220, 577 S.W.3d 385. Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment was

invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

### III. *Standard of Review*

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

### IV. *Validity of the Judgment*

Claims of a defective information that raise a jurisdictional issue, such as those that raise a claim of an illegal sentence, are cognizable in a habeas proceeding. *See Gooch v. Hobbs*, 2014 Ark. 73 (holding that when the information averred that the appellant had committed a felony murder although charging first-degree murder, the sentence on a plea to capital-felony murder was not illegal). The allegation of a defective information raised by Sims did not raise a jurisdictional issue. We have held that an information filed in the name of a deputy is not void. *See State v. Eason & Fletcher*, 200 Ark. 1112, 143 S.W.2d 22 (1940). We have further held that the claim that an information signed by a deputy rendered the subsequent judgment illegal is not cognizable in habeas proceedings because it does not raise a jurisdictional issue. *See Randle v. Straughn*, 2020 Ark. 117, 595 S.W.3d 361. Accordingly, Sims did not establish a basis for the writ.

Affirmed.

HART, J., concurs.


**JOSEPHINE LINKER HART, Justice, concurring.** I agree with the disposition reached by the majority. I write separately for the reasons stated in *Stephenson v. Kelley*, 2018 Ark. 143, 544 S.W.3d 44 (Hart, J., dissenting). The "facial invalidity or lack of jurisdiction" rule is not supported by state law.

*Walter Sims*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.