Cite as 2021 Ark. 18

# SUPREME COURT OF ARKANSAS

No. CV-20-280

| | |
|---|---|
| TYRELL A. BENSON<br><br>APPELLANT<br><br>V.<br><br>DEXTER PAYNE, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br><br>APPELLEE | **Opinion Delivered:** February 4, 2021<br><br>PRO SE APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT<br>[NO. 40CV-20-25]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br>AFFIRMED. |

**SHAWN A. WOMACK, Associate Justice**

Appellant Tyrell A. Benson appeals the denial of his pro se petition for writ of habeas corpus filed in the county where he is incarcerated pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016). Benson alleged in his petition that his judgments in three separate criminal cases are invalid because the prosecutor did not sign the charging information in each case. The circuit court denied and dismissed the petition, concluding Benson's claim was not cognizable in habeas proceedings. As there are no grounds stated in either the petition filed in the circuit court or in his appellate arguments on which a writ of habeas corpus could be issued, we affirm.

I. *Background*

In January 2003, a Pulaski County jury convicted Benson of three counts of aggravated robbery in case number 60CR-02-2345. The trial court sentenced him to three consecutive ten-year sentences. The Arkansas Court of Appeals affirmed. *Benson v. State*,

CACR03-477 (Ark. App. Mar. 31, 2004). In February 2003, a Pulaski County jury convicted Benson of two counts of a terroristic act in case number 60CR-02-1695, and he was sentenced to two thirty-year sentences to run concurrently with one another but consecutively to the thirty years he received on the aggravated-robbery charges. The Arkansas Court of Appeals affirmed. *Benson v. State*, 86 Ark. App. 154, 164 S.W.3d 495 (2004). Finally, in March 2003, Benson entered a negotiated guilty plea to rape and aggravated robbery in case number 60CR-02-1978. Benson was sentenced to sixty years on each count to run concurrently with each other and with his previous sentences. In sum, Benson was sentenced to an aggregate term of sixty years' imprisonment for the convictions in all the above-referenced criminal cases.

In 2018, this court issued a writ of habeas corpus with respect to Benson's judgments in case numbers 60CR-02-1695 and 60CR-02-1978 because the sentencing orders applied Arkansas Code Annotated section 16-93-609 (Repl. 2016) to Benson's sentences in those two cases, which deprived him of his eligibility for parole due to the commission of prior violent felonies. *Benson v. Kelley*, 2018 Ark. 333, 561 S.W.3d 327. This court found that the sentencing orders, which reflected the application of section 16-93-609, were illegal because Benson had not been convicted of any violent felony when those sentencing orders were entered. *Id.* The orders were subsequently amended by removing the application of section 16-93-609 to Benson's sentences. Benson's current petition challenges all three convictions based on defective informations.

## II. *Grounds for Issuance of the Writ*

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a trial court lacked jurisdiction over the cause. *Foreman v. State*, 2019 Ark. 108, 571 S.W.3d 484. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). When the trial court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. *Johnson v. State*, 298 Ark. 479, 769 S.W.2d 3 (1989).

Under our statute, a petitioner who files a writ and does not allege his or her actual innocence and proceed under Act 1780 of 2001, codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2016), must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he or she is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Proceedings for the writ are not intended to require an extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order. *McArthur v. State*, 2019 Ark. 220, 577 S.W.3d 385. Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment order was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

III. *Standard of Review*

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

IV. *Claims for Relief*

As stated above, Benson claimed in the petition filed in the circuit court entitlement to habeas relief on the basis that each information filed in his criminal cases was not signed by the prosecuting attorney but was instead signed by the deputy prosecutor. Benson raises the same claims on appeal and relies on this court's holding in *Johnson v. State*, 199 Ark. 196, 133 S.W.2d 15 (1939), for the proposition that the judgments in those cases were rendered void as a result of the prosecutor's failure to sign the charging informations.

Claims of a defective information that raise a jurisdictional issue, such as those that raise a claim of an illegal sentence, are cognizable in a habeas proceeding. *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503. However, allegations of a defective information are generally not considered jurisdictional and are instead treated as trial error. *Id.* This court has considered and rejected the precise argument raised by Benson and, in so doing, has cited prior holdings that an information filed in the name of a deputy prosecutor was voidable rather than void and therefore was not within the purview of habeas proceedings. *Randle v. Straughn*, 2020 Ark. 117, 595 S.W.3d 361 (citing *State v. Eason & Fletcher*, 200

4

Ark. 1112, 143 S.W.2d 22 (1940)).  The circuit court did not clearly err when it rejected Benson's claim for habeas relief as not cognizable.

Affirmed.

WEBB, J., concurs without opinion.

*Tyrell Benson*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.